ALVERNIA R. MORGAN

*v.*

WILLIAM A. MORGAN.

[Decided June 22d, 1906.]

1. *P. L. 1898 p. 659 § 43*, giving the court jurisdiction to transfer a lien from land sold to the money or proceeds of the sale in all cases where the court shall order the real estate sold free and discharged of any lien or encumbrance, was not restrictive, and did not deprive the court of jurisdiction to order the proceeds of land sold in partition to be paid into court, though the sale was not directed to be free from debts which were enforceable against it.

2. A conveyance of land sold under an order of the orphans court to pay debts of an intestate, not made until after a year from the intestate's death, would pass only the estate of which the intestate's heirs were seized when the order was made.

3. The Partition act, section 52 (*Gen. Stat. p. 2432*), provides that if it shall appear by proceedings in partition that there are any existing liens or encumbrances on the share or interest in the premises of any party named in the proceedings, the court shall, if it order a sale, in the decree for sale, direct the master to bring into court, or pay to the clerk, the portion of the money arising from the sale of such share or interest of the party after deducting the portion of the costs, charges and expenses to which it shall be liable.—*Held*, that where certain land of an intestate was subject to sale as between heirs to pay intestate's debts, but a decree for partition directing a sale omitted to require payment of the proceeds into court, such omission might be corrected by a supplemental order directing the money to be paid to the clerk to await final adjudication of the claims properly enforceable against it.

On bill for partition. Heard on petition of administrator for proceeds of sale.

*Mr. Austin H. Swackhamer,* for the complainant.

*Messrs. Watkins & Avis,* for the defendant.

BERGEN, V. C.

By the bill filed in this cause partition is sought of lands in Gloucester county, in this state. The complainant and defendant became jointly seized each of an equal undivided share of the lands by inheritance from their mother, Rebecca C. Morgan, who died intestate November 12th, 1902, seized of the lands. The bill for partition was filed by the sister, the brother being the sole defendant. He has answered, and, among other matters, set up that he was an administrator, with complainant, of Rebecca C. Morgan; that her personal estate was insufficient to pay her debts, and, while consenting to a sale if an equitable partition could not be made, prayed that the proceeds of such sale should be held to answer the debts of the intestate. Proceedings were subsequently had in the cause, which resulted in a sale of the lands, the amount realized being $9,800, which sum is now in the hands of the master making the sale. The defendant as one of the administrators now presents his petition showing that the debts of the intestate greatly exceed not only her personal estate, but also the amount realized from the partition sale of the lands, and asks that the proceeds of the sale be not distributed between himself and complainant, but impounded and paid over to the clerk of this court to await the demands of the settlement of decedent's estate. It also appears that the only claim presented against the estate which will justify this procedure is represented by a bond of the intestate, payable to this applicant, in the sum of $15,000, the legality of which is being contested in a law court. The order applied for is resisted upon the ground that there is no provision in our act relating to partition of lands held by tenants in common authorizing the court to make such order, and that it can only be done where the court has directed the land sold free and discharged of the debt, and as an incident of such order may direct the money paid into court, and to support this proposition I am referred to *P. L. 1898 p. 559 § 43.* But this section is not restrictive. It merely creates a power to transfer a lien from the land to the money in all cases where the court shall order the real estate sold free and discharged of any lien or inheritance.

In the present case the debt the applicant represents was a lien on the lands sold until the sale and transfer to the purchaser, for as to him, the year during which lands may be sold to pay debts having expired, they would not be a lien, but as to the heirs of the deceased debtor the lands remain liable, notwithstanding the year had elapsed, until a *bona fide* sale has been made (*Haston* v. *Castner, 31 N. J. Eq. (4 Stew.) 697, 699*), and the power of the orphans court to order a sale of the lands to pay the debts of the intestate remained subject to the condition that the conveyance under an order obtained after the year had passed would only convey the estate of which the heirs of the deceased was seized when the order was made. This court having converted the land which was liable for the debt into money, it would not be equitable to entirely discharge the lien and remove this converted property beyond the reach of those having an encumbrance on the land. As it appears by the answer and proceedings in this suit that there is an encumbrance upon the estate or share of both parties to this cause, I think section 58 of the Partition act should apply, for, although if read literally it would appear that the court should order the master to bring the fund into court in the decree for sale, the paramount intention of the act is to preserve the fund for proper application, and the omission to incorporate the legislative mandate in a particular order or decree does not forbid, but rather requires, that the omission be corrected by a supplemental order, and if necessary the decree for sale can be amended, as all parties in interest are before the court.

An order will be advised directing the master to pay to the clerk of this court the proceeds of such sale, less complainant's costs and the master's fees and expenses as allowed by law.